UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD TAMLIN,

    Plaintiff,

vs.                                                                                      Case No. 11-10889

CITI MORTGAGE SERVICING,

    Defendant.
_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
(Doc. 6)**[1]

**I. Introduction**

This is another of one of many cases pending in this district involving a default on a mortgage. Plaintiff Edward Tamlin, proceeding pro se, is suing defendant Citi Mortgage Servicing, raising a host of claims relating to his mortgage.

Before the Court is defendant's motion to dismiss or for summary judgment. For the reasons that follow, the motion will be granted and the case will be dismissed.

**II. Background**

On January 5, 2007, plaintiff obtained a loan a $165,404.00 loan to purchase property in Romulus, Michigan. The loan was issued by ABN AMRO Mortgage Group, defendant's predecessor in interest and is evidenced by a note. The loan was secured by a mortgage granted in favor of defendant. By 2010, plaintiff was in default. On August 8, 2010, defendant notified plaintiff of the default.

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

On March 7, 2011, plaintiff filed this action. The complaint describes the action as follows:

> This is an action for rescission of an illegal and void Mortgage and Note to certain real estate. This purported mortgage and note and the actions taken by the Plaintiff contain unfair trade practices and predatory lending practices.

The complaint lists 25 separate counts. Defendant says the complaint can be distilled into three essential claims (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and (3) improper/illegal breach/notice of default. The Court agrees with defendant's liberal construction of the complaint. These claims, and corresponding counts, will be addressed in turn below.

### III.  Legal Standards

A Rule 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a "'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999)  (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, Bell Atl.Corp. v. Twombly, 550 U.S.

544, 570 (2007), and a claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

### V.  Analysis

#### A.  TILA Claims

In Counts I, II, III., IV, V, VII, VIII, IX, X, XI and XII, plaintiff alleges a host of violation of the TILA and accompanying regulations.  Defendant says these claims are untimely and lack merit.  The Court agrees.

The purpose of a TILA claim is that it:

provides statutory penalties for failure to make certain disclosures required under the statute. One of the primary purposes of the TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.

Thielen v. GMAC Mortg. Corp., 671 F.Supp.2d 947, 953 (E.D.Mich. 2009) (citation omitted).

Plaintiff alleges that defendant violated TILA by, among other things: (I) engaging in unfair trade practices, (ii) failing to give him a proper disclosure statement, (iii) failing to inform him of right to cancel, (iv) failing to give him a good faith estimate, (v) failure to disclose a calculation of mortgage balance.

As to TILA, "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). See Thielen v. GMAC Mortgage Corp., 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009). The statute begins to run "when the plaintiff has a complete and present cause of action and thus can file suit and obtain relief." Id. (internal quotations & citations omitted).

Here, plaintiff's allegations concerning the receipt, or failure to receive, disclosure documents fall withing the scope of TILA. Any damage claims that allegedly resulted from TILA violations expired on January 5, 2008, one year after the transaction took place. Plaintiff did not file his complaint until March 7, 2011, well after that time. Thus, his TILA claims are barred by 15 U.S.C. § 1640(e).

Moreover, to the extent that plaintiff wants this Court to declare his mortgage is void and rescind the note and mortgage under TILA, this request is barred by the statute of repose. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire

three years after the date of the consummation of the transaction."); see also Thielen, 671 F. Supp. 2d at 954-55. Plaintiff's complaint was filed more than three years after the transaction took place.

Finally, as defendant points out in its papers, plaintiff's TILA claim for recision fails because under TILA, there is no right to rescind a "residential mortgage transaction." See 15 U.S.C. § 1602(w); Barrett v. JP Morgan Chase Bank. N.A., 445 F.3d 874, 879 (6th Cir. 2006).

### B. RESPA Claims

Plaintiff also alleges RESPA violations. See Counts V (right to rescind), XIII (failure to disclose itemization of damages), XIV (inflation of acceleration of fees) and XV (failure to disclose date). Defendant says these claims are time barred. The Court agrees.

An action arising under section 2607 must be brought within one year after the alleged violation occurs. See 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section . . . 2607 . . . of this title may be brought . . . within . . . 1 year . . . from the date of the occurrence of the violation . . . ."); Egeger v. Woodland Realty, Inc., 556 F.3d 415, 421 (6th Cir. 2009) ("Claims pursuant to § 2607(a) must be brought within one year from the date the violation occurs in accordance with 12 U.S.C. § 2614 . . . ."). Here, the alleged RESPA violation—defendants' purported disclosure failures—would have occurred, if at all, no later than the date of the transaction/closing on January 5 2007. See Egeger, 556 F.3d at 421 n.7 (noting that the one-year period commenced on the date the sale was complete). Plaintiff's RESPA claims expired on January 5, 2008—over three years before plaintiff filed this action—and are, therefore, time-barred.

See 12 U.S.C. § 2614; Egerer, 556 F.3d at 421.

Finally, even if the RESPA claims were timely, violations of RESPA cannot support a finding that the mortgage is invalid or unenforceable.  See Brown v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 72396 (E.D. Mich. Aug., 17, 2009).

### C.  Improper Notice of Default

Count XXIII appears to allege improper or illegal actions based on the notice of default defendant sent to plaintiff.  The notice of default, attached as Exhibit D to defendant's papers, complied with all applicable regulations.  Plaintiff was in default.  Plaintiff received notice of the default, of his right to cure and of defendant's right to accelerate payments because of the default.

### D.  Other Claims

Although plaintiff has not plead any state law claims, he refers to fraud, unconscionability and predatory lending in his response to defendant's motion.  To the extent the complaint is construed to include such claims, they also fail.  The elements that a plaintiff must prove for a fraud/misrepresentation claim are:

> (1) defendants made a material representation; (2) it was false; (3) when defendants made it, defendants knew that it was false or made recklessly without knowledge of its truth or falsity; (4) defendants made it with the intent that plaintiffs would act upon it; (5) plaintiffs acted in reliance upon it; and (6) plaintiffs suffered damage.

Mitchell v. Dahlberg, 547 N.W.2d 74, 77 (Mich.App. 1996) (quoting Arim v. General Motors Corp., 520 N.W.2d 695 (1994)).  However, since this transaction involves a financial institution, the statute of frauds applies.  M.C.L. § 566.132(2)(a) provides:

> [a]n action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution

unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:[a] promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

Under the statute of frauds, "a party is precluded from bringing a claim -- no matter its label -- against a financial institution to enforce the terms of an oral promise . . . ." Crown Tech. Park v. D&N Bank, FSB, 242 Mich. App. 538, 550; 619 N.W.2d 66 (2000).  This bar extends to misrepresentation claims.  Manire v. Am. Equity Mortgage, Inc., No. 04-60278, 2005 WL 2173679, at * 2 (E.D. Mich., Sept 6, 2005) (dismissing intentional and negligent misrepresentation claims against a financial institution under the statute of frauds).  Thus, to the extent plaintiff is claiming fraud based on oral promises, he cannot prevail as a matter of law.

Moreover, any fraud claims are not plead with any particularity and therefore fail to meet the basic pleading requirements.  Dismissal is appropriate on these grounds.

As to a claim for unconscionability.  M.C.L. § 440.2302 provides:

(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

M.C.L. § 440.2302(1)-(2).  Under Michigan law, a court may invalidate a contract that is determined to be unconscionable.  Courts may even invalidate commercial contracts due to unconscionability.  See e.g., Johnson v. Mobil Oil Corp., 415 F. Supp. 264 (E.D.

7

Mich.1976).  However, unconscionability is not a separate cause of action.  Rather, it is a defense to enforcement of a contract.  See Newman v. Roland Machinery Co., No. 08-cv-185,  2009 WL 3258319,*10-11 (W.D. Mich. Oct. 8, 2009) (A plain reading of M.C.L. § 440.2302(1)-(2) indicates that it is to be used for protection against enforcement and not as an affirmative action for damages.")   Thus, plaintiff cannot maintain a claim based on unconscionability.

Finally, plaintiff's predatory lending claim must be dismissed because Michigan does not recognize a claim for predatory lending.  See Saleh v. Home Loan Services, Inc., 2009 WL 2496682 at *2 n. 1 (E.D. Mich. Aug.17, 2009); see also Beydoun v. Countrywide Home Loans, Inc., 2009 WL 1803198 at *4 (E.D. Mich. June 23, 2009).

### VI.  Conclusion

For the reasons stated above, plaintiff's claims are either time barred or otherwise lacking in merit.  Defendant's motion is GRANTED.  Plaintiff's pending motions are DENIED AS MOOT.

This case is DISMISSED.

SO ORDERED.


Dated:  June 29, 2011               S/Avern Cohn                              
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Edward Tamlin, 6208 Loraine, Romulus, MI 48174 and the attorneys of record on this date, June 29, 2011, by electronic and/or ordinary mail.


                                     S/Julie Owens                    
                                    Case Manager, (313) 234-5160